IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FLOYD RUBEN GUTIERREZ,

    Petitioner,

v.                                                 Civ. No. 10-984 MCA/RLP

GARY K. KING, Attorney General
for the State of New Mexico,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. Petitioner raises a variety of claims associated with two different criminal proceedings in state court. A review of the voluminous record indicates that the claims raised in one proceeding are time-barred by the one-year limitation period of AEDPA, *see* § 2244(d)(1), but that the claims raised from the other proceeding are not time-barred. Each case will be discussed in turn.

    2.    On May 12, 2007 Petitioner entered into a Plea Agreement in the Fourth Judicial District Court (County of San Miguel) State of New Mexico, Cause No. CR-2006-315 ["CR2006"]. Answer [Doc. 22], Exhibit B thereto. Judgment and Suspended Sentence were entered on May 16, 2007. Exhibit A. Several months later, Petitioner violated the terms of his release and the court entered an Order Revoking Probation on December 13, 2007. Exhibit C. Thereafter in 2008 Petitioner attempted to withdraw his guilty plea,

---

[1] Within ten (14) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

Exhibits D & E, which was denied, Exhibit F, and the court thereafter, on July 20, 2008, entered another order revoking probation and imposing a sentence. Exhibit G. Approximately one year later, on May 12, 2009, Petitioner filed a petition for writ of habeas corpus in CR2006, Exhibit H, which was dismissed, Exhibit I, as was his petition for writ of certiorari, Exhibits M & N.

3. Petitioner's federal petition was filed on October 18, 2010. The one-year limitation period begins to run, *inter alia*, from the date judgment is entered. § 2244(d)(1)(A). Judgment in Petitioner's case CR2006 was entered on May 16, 2007. By the time he filed his state habeas petition on May 12, 2009, the one-year period had already elapsed so no tolling provision applies. *Bohon v. Oklahoma*, 313 Fed.Appx. 82, **2 (10th Cir. 2008) (unpublished opinion).

4. Accordingly, the Court finds that all claims asserted in Petitioner's federal petition that involve CR2006 are time-barred.

5. After a trial on the merits, August 4, 2008, in the Fourth Judicial District Court (County of Guadalupe), State of New Mexico Cause CR2007-58 ["CR2007"], a jury found Petitioner guilty of Battery on a Peace Officer; Aggravated Driving while Intoxicated; and Evading or Obstructing an Officer. Judgment was entered on August 26, 2008. Exhibit R.

6. Petitioner filed an appeal and raised the following issues: (1) whether the evidence was sufficient for a conviction; (2) whether the trial court erred in denying a motion for directed verdict; (3) whether the trial court erred in not admitting certain medical evidence; and (4) whether the trial court erred in admitting certain hearsay evidence which violated Petitioner's Confrontation Clause rights. Exhibit T. The New Mexico Court of Appeals affirmed the conviction in a Memorandum Opinion. Exhibit W.

7. Petitioner sought a petition for writ of certiorari, Exhibit X, which was denied on September 15, 2009. Exhibit Y. The Mandate issued on October 21, 2009. Exhibit Z.

8. In his federal petition, Petitioner raises claims from both CR2006 and CR2007. The CR2006 claims are based on ineffective assistance of counsel (failure to present witness and failure to properly advise prior to the guilty plea). Because the Court has already found that those claims are time-barred, *see* ¶ 4, those claims are not considered.

9. The only claim Petitioner asserts from CR2007 is that he was acting in self-defense when the officer attacked him." Petition [Doc. 1] at 7. In his direct appeal, Petitioner raised this issue as one of insufficient evidence. The New Mexico Court of Appeals stated that at the trial the evidence

> is not equally consistent with Defendant's self-defense theory and the theory that Defendant intentionally and unlawfully applied force to the officer. To the contrary, there was substantial evidence from which a rationale [*sic*] jury could have inferred that Defendant was not acting in self-defense, including the officer's testimony that Defendant swore at him, told him he was not going to arrest him, and was acting in a threatening manner . . ., and additional testimony that, after Defendant had been transported to the New Mexico State Police office, he threw a chair at a different person helping process Defendant . . . . To the extent Defendant's testimony regarding the events surrounding his arrest differ substantially from the officer's testimony, we note, as we did in our proposed disposition, that the jury is free to reject Defendant's version of events. . . . Therefore, viewing the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict, . . . we conclude that there was sufficient evidence to support Defendant's conviction.

Memorandum Opinion [Doc. 22-4] at 5 (record and case citations omitted; internal brackets and quotation marks omitted].

10. The constitutional standard for claims that a defendant was convicted on insufficient evidence is set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979): "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Id.* at 318. This is the same standard used by the New Mexico Court of Appeals and therefore that decision did not involve an unreasonable application of federal law, as required by § 2254(d). *See Williams v. Taylor*, 529 U.S. 362, 406 (2000).

11. Finally, the Court notes that Petitioner appears to raise an ineffective assistance of counsel claim: "Petitioner had ineffective assistance of counsel in the trial court by his attorney's failure to make appropriate motions[:] motion to suppress evidence (for and against defendant). Petition at 3. Because the CR2006 proceeding involved a guilty plea and not a trial, the Court assumes this claim is pursuant to the CR2007 proceeding. However, that claim was never raised in a collateral proceeding or on appeal and therefore is an unexhausted claim.

12. When faced with a petition containing both exhausted and unexhausted claims, a so-called "mixed petition," the court has several options available to it. *Fairchild v. Workman,* 579 F.3d 1134, 1155-56 (10th Cir. 2009). One of those options is to dismiss the entire petition without requiring exhaustion.

13. Petitioner cites no facts indicating what motions he contends counsel should have filed. The lack of any factual specificity dooms Petitioner's ineffective assistance of counsel claim. *See Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, and pursuant to § 2254(b)(2), the Court finds that this claim has no merit and should be dismissed.

Recommended Disposition

I recommend that the petition for writ of habeas corpus be denied, that no Certificate of Appealability should issue, and that this case be dismissed with prejudice.

Richard L. Puglisi
Chief United States Magistrate Judge